**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JASY VON BROWN, aka Jasy Drags
Wolf,
            *Defendant-Appellant.*

No. 04-30219

D.C. No.
CR-03-00016-SEH

OPINION AND
ORDER

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
January 11, 2005—Seattle, Washington

Filed August 8, 2005

Before: Mary M. Schroeder, Chief Judge, and
Susan P. Graber and Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

David F. Ness, Assistant Federal Defender, Federal Defenders of Montana, Great Falls, Montana, for the defendant-appellant.

Klaus P. Richter, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Defendant Jasy Von Brown pleaded guilty to one count of burglary, in violation of 18 U.S.C. § 1153(a) and Montana Code Annotated § 45-6-204. He appeals his sentence as a career offender under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. In keeping with our decisions in *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1100 (2005), and *United States v. Smith*, 390 F.3d 661, 666-67 (9th Cir. 2004), we hold that enhancing Defendant's sentence on account of his prior convictions did not violate the Sixth Amendment, as interpreted by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738, 755-56 (2005).

PROCEDURAL HISTORY

The base offense level for Defendant's crime of conviction was 17. U.S.S.G. § 2B2.1(a)(1). But, because the conviction qualified as a "crime of violence"[1] and Defendant had at least

---

[1] The indictment charged, and Defendant admitted in his plea agreement, that he burglarized a residence. This act satisfies the definition of "crime of violence" found in U.S.S.G. § 4B1.2: "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is *burglary of a dwelling*[.]" (emphasis added).

two prior felony convictions for crimes of violence,[2] he was sentenced as a career offender under U.S.S.G. § 4B1.1, and his offense level was increased to 29. After a three-point reduction for acceptance of responsibility, his total offense level was 26. Defendant's criminal history category was VI because of his five prior felony convictions and his sentencing as a career offender. U.S.S.G. § 4B1.1(a). With an offense level of 29 and a criminal history category of VI, the resultant sentencing range was 120 to 150 months; the court imposed a sentence of 148 months.

## DISCUSSION

**[1]** On appeal, Defendant raises two related issues pertaining to the career-offender enhancement.[3] First, he argues that the fact of his prior convictions had to be proved to a jury beyond a reasonable doubt. That argument is foreclosed by *Quintana-Quintana*, 383 F.3d at 1053, which held that *Blakely*, 542 U.S. 296, does not upset the rule that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), carves out an exception for proving the fact of a prior conviction. *Booker*, 125 S. Ct. at 755-56, which applied *Blakely* to the federal Sentencing Guidelines, does not change the Sixth Amendment analysis. *See Booker*, 125 S. Ct. at 756 ("Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt.") (emphasis added); *see also United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.8 (9th Cir. 2005) ("Because the sentencing enhance-

---

[2]Two of Defendant's prior convictions were for second-degree assault, a Class B felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), and is punishable by up to 10 years' imprisonment. *See* Wash. Rev. Code §§ 9A.20.021(1)(b), 9A.36.021.

[3]We review for plain error, because Defendant did not raise these arguments before the district court. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

ment we address is based only on the fact of a prior conviction, our decision is unaffected by the Supreme Court's recent holding in [*Booker*]."); *United States v. Moreno-Hernandez*, 397 F.3d 1248, 1255 n.8 (9th Cir. 2005) (same).

**[2]** Defendant's second argument is that, even if the fact of a prior conviction need not be proved to a jury beyond a reasonable doubt, a jury must decide whether a prior conviction should be classified as a "crime of violence" for the purpose of determining career-offender status under U.S.S.G. § 4B1.1. We rejected a nearly identical argument in *Smith*, 390 F.3d at 666-67. There, we held that the district court determined no more than the "fact of a prior conviction" when it characterized the defendant's prior convictions as "violent felonies" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(c). We reasoned that the categorical and modified categorical analyses conducted pursuant to *Taylor v. United States*, 495 U.S. 575 (1990), and employed in *Smith*, prohibit inquiry into the facts underlying a prior conviction. *Smith*, 390 F.3d at 664-66. We see no principled basis for a different rule under the career-offender provisions of the Sentencing Guidelines. *See United States v. Riley*, 183 F.3d 1155, 1158 (9th Cir. 1999) (applying the *Taylor* categorical approach to a "crime of violence" determination under the career-offender provisions of the Sentencing Guidelines).

**[3]** When the *Taylor* approach is followed, the categorization of a prior conviction as a "violent felony" or a "crime of violence" is a legal question, not a factual question coming within the purview of *Apprendi*, *Blakely*, and *Booker*.[4] *See,*

---

[4]The Supreme Court recently signaled that Sixth Amendment concerns *are* implicated when courts stray from the *Taylor* approach and make findings of fact *about* the prior conviction by referring to sources outside the formal record of conviction. *See Shepard v. United States*, 125 S. Ct. 1254, 1262-63 (2005) (plurality) (holding that such findings would raise "serious risks of unconstitutionality"); *id.* at 1264 (Thomas, J., concurring in part and concurring in the judgment) (arguing that "broadening the evi-

*e.g.*, *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005) ("That legal criteria ('what kind of crime is this?') rather than factual inquiries ('what did this person do when violating that statute?') identify a 'crime of violence' is the principal reason why the [prior convictions] proviso to *Booker* exists[.]"); *United States v. McGuire*, 389 F.3d 225, 231 (1st Cir. 2004) (noting that "whether a prior conviction qualifies as a predicate offense under [U.S.S.G.] section 4B1.1 is a question of law" and holding that the defendant's sentencing as a career offender did not violate *Blakely*) (internal quotation marks and alterations omitted); *United States v. Trala*, 386 F.3d 536, 547 n.15 (3d Cir. 2004) (holding, under U.S.S.G. § 4B1.1, that "whether an offense is a 'crime of violence or a controlled substance offense' is a legal determination, which does not raise an issue of fact under *Blakely* or *Apprendi*"). Accordingly, Defendant's sentence was not based on an impermissible finding of fact, but only on the fact of his prior convictions. Therefore, there is no Sixth Amendment violation.

We have held that "where the district court did not treat the sentencing guidelines as advisory but the defendant's sen-

---

dence judges may consider when finding facts under Taylor . . . would not give rise to constitutional doubt, as the plurality believes," but to "constitutional error"); *see also United States v. Ngo*, 406 F.3d 839, 843 (7th Cir. 2005) (holding that the court's finding that the defendant's prior convictions were not part of a common scheme or plan violated the Sixth Amendment principles articulated in *Shepard*); *United States v. Washington*, 404 F.3d 834, 841 (4th Cir. 2005) (holding that the Sixth Amendment was violated because "the sentencing court relied on facts outside the indictment," and that its analysis therefore "involved more than the 'fact of a prior conviction' ").

Those concerns are absent here because Defendant has not argued (nor could he, *see* notes 1 and 2, *supra*) that the district court strayed from the categorical approach. *Cf. United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005) ("In this case, the district court considered only the charging documents and Childs' admissions to convictions to find that Childs' four prior convictions were violent felonies. For that reason *Shepard* . . . affords Childs no relief.").

tence was not enhanced by extra-verdict findings," a nonconstitutional sentencing error has occurred. *See United States v. Ameline*, 409 F.3d 1073, 1084 n.8 (9th Cir. 2005) (en banc). Both parties should notify the court within 10 days of the published date of this opinion if they want to pursue an *Ameline* remand. *See id.* at 1084 ("When faced with an unpreserved *Booker/Fanfan* error, the reviewing panel must first determine if an eligible party wants to pursue the subject.").

BRIEFING ORDERED.