UNITED STATES of America,
Plaintiff—Appellee,

v.

Tomas YEPEZ–TELLO, Defendant—
Appellant.

No. 05–10079.

D.C. No. CR–04–00135–KJD.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Patrick J. Walsh, Asst. U.S. Atty., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before NELSON, T.G., WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM**

Tomas Yepez–Tello appeals the 57–month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Tomas Yepez–Tello, who was sentenced under advisory guidelines in the wake of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),

contends that his sentence was imposed in violation of the Sixth Amendment because it was enhanced above the two-year maximum term of imprisonment provided under § 1326(a) on the basis of a prior crime of violence neither alleged in the indictment nor proved beyond a reasonable doubt. This contention is foreclosed by *United States v. Moreno–Hernandez*, 419 F.3d 906, 914 n. 8 (9th Cir.2005) (*"Booker* bars the district court from considering only those facts not found by the jury *other than* the fact of prior conviction"). Moreover, the district court's determination, that Yepez–Tello's prior California conviction for copulation with a child under the age of 14 is a crime of violence, does not implicate the Sixth Amendment. *United States v. Von Brown*, 417 F.3d 1077, 1079–80 (9th Cir.2005) (stating that the district court made no impermissible finding of fact because whether a prior felony is a crime of violence "is a legal question, not a factual question coming within the purview of *Apprendi, Blakely,* and *Booker*").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.