**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Clark MOSLEY, Defendant—Appellee.**

**No. 04–10562.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Oct. 21, 2005.

Sue P. Fahami, USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellant.

Michael K. Powell, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellee.

Before: REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief

---

* The Honorable Jane A. Restani, Judge, United

Judge, United States Court of International Trade.

### MEMORANDUM **

The United States appeals the sentence imposed by the district court. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

Assuming, without deciding, that the district court erred by holding that the existence of a prior conviction was a factual determination to be made by the jury, *see United States v. Brown*, 417 F.3d 1077, 1079 (9th Cir.2005), we conclude that any error was harmless.

A district court's application of the sentencing guidelines "is subject to harmless error analysis, and no remand is required if the error did not affect the district court's selection of the sentence imposed." *United States v. Mendoza*, 121 F.3d 510, 513 (9th Cir.1997). At sentencing, the government did not proffer judicially-noticeable documents from which the district court could have found that Mosley had been convicted of a crime of violence. *Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Nor did it proffer any evidence regarding number of pictures, ages of subjects, or other matters that might have resulted in the imposition of an enhanced sentence. As a result, the district court's error did

not affect the sentence it ultimately imposed.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

