**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ricardo TORRES–ACOSTA, etc.,**
**Defendant—Appellant.**

No. 04–10487.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Nov. 14, 2005.

Anne E. Mosher, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Brian I. Rademacher, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

1. Ricardo Torres–Acosta's argument that the sentencing enhancement for his prior crimes violates his Sixth Amendment rights "is foreclosed ... [because] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) carves out an exception for proving the fact of prior conviction." *United States v. Brown,* 417 F.3d 1077, 1078–79 (9th Cir.2005).

2. The district court's denial of Torres–Acosta's request for an additional reduction for acceptance of responsibility did not constitute plain error under the separation of powers doctrine or the due process clause. *See United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989); *see also United States v. Murphy,* 65 F.3d 758, 762, 764 (9th Cir.1995).

3. The government's decision to decline to file a motion for the additional one-level adjustment for acceptance of responsibility was not plainly erroneous. *See United States v. Awad,* 371 F.3d 583, 587 (9th Cir.2004) (concluding under an analogous Guidelines section that the government has no duty to make such a motion).

4. The judgment correctly stated a violation of 8 U.S.C. § 1326(a) as enhanced by 8 U.S.C. § 1326(b)(2). Because no separate violation was charged, no basis for remand exists. *Cf. United States v. Rivera–Sanchez,* 222 F.3d 1057, 1059, 1062 (9th Cir. 2000).

5. Remand in light of *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), is appropriate because "we cannot ascertain whether the district court would have imposed a different sentence under a discretionary regime." *United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005).

**LIMITED SENTENCING REMAND.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.