960

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Derwin Wade MCCOWAN,**
**Defendant—Appellant.**

No. 03–10502.

United States Court of Appeals,
Ninth Circuit.

Submitted: Nov. 8, 2005.*

Decided: Nov. 30, 2005.

Laurel J. Montoya, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Gary L. Huss, Wild Carter Tipton & Oliver, Fresno, CA, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Derwin Wade McCowan appeals his 292–month prison sentence resulting from his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291.

McCowan contends that the district court erred in adjudging him a career offender and calculating his base offense level under the United States Sentencing Guidelines, and that the district court made these determinations based on facts not found by a jury in violation of *Appren-*

*di v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We reject the appellant's contentions. The district court erred by making an extra-verdict finding as to drug quantity, but that error did not affect the sentence. The district court relied on McCowan's status as a career offender in determining his base offense level under the Guidelines. *See United States v. Von Brown*, 417 F.3d 1077, 1079 (9th Cir.2005) (per curiam).

We also reject McCowan's contentions that he was entitled to a jury determination that he was a career offender, and that, on the facts of this case, *Apprendi* should be extended to require a jury finding as to McCowan's prior convictions. *Id.* at 1078–79.

However, as appellant was sentenced under the then-mandatory Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand the sentence for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005).

If appellant does not want to pursue resentencing, appellant should promptly notify the district court judge on remand. *See Ameline*, 409 F.3d at 1084.

REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.