**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pedro CORNEJO–TOVAR,**
**Defendant—Appellant.**

No. 04–30458.

D.C. No. CR–03–00050–DWM–03.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Joshua A. Van De Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Neil M. Leitch, Esq., Missoula, MT, for Defendant–Appellant.

Before HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Pedro Cornejo–Tovar appeals from the 240–month sentence imposed following his guilty plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. We have jurisdiction pursuant to 21 U.S.C. § 1291, and we affirm.

We reject appellant's contention that 21 U.S.C. § 851 violates the separation of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

powers doctrine. *See United States v. Jensen,* 425 F.3d 698, 706–07 (9th Cir. 2005).

We also reject appellant's contention that he is entitled to remand pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* does not upset the prior conviction exception carved out in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Brown,* 417 F.3d 1077, 1078–79 (9th Cir.2005) (per curiam). Further, because appellant was sentenced pursuant to a statutory mandatory minimum which exceeded the guideline range, his sentence is not affected by *Booker. See United States v. Dare,* 425 F.3d 634, 643 (9th Cir.2005).

AFFIRMED.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

