**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jorge CRUZ–RODRIGUEZ,**
**Defendant—Appellant.**

No. 05–10410.

D.C. No. CR–04–00104–KJD.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Jorge Cruz–Rodriguez appeals the 52–month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Cruz–Rodriguez, sentenced under advisory guidelines in the wake of *United States v. Booker,* 543 U.S. 220, 125 S.Ct.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

738, 160 L.Ed.2d 621 (2005), contends that under the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court violated his Sixth Amendment rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior felony drug trafficking conviction that was neither proved to a jury nor admitted during the plea colloquy. This contention is foreclosed. *See, e.g., United States v. Brown*, 417 F.3d 1077, 1078–79 (9th Cir.2005) (noting that *Booker* did not change the rule that *Apprendi* carves out an exception for proving the fact of a prior conviction); *United States v. Moreno–Hernandez*, 419 F.3d 906, 914 n. 8 (9th Cir. 2005) (stating that a sentence enhancement based on the fact of a prior conviction "does not raise any Sixth Amendment problems" post-*Booker*).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.