**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ricardo LOPEZ–OROZCO,
Defendant—Appellant.**

No. 04–30120.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Katherine Jill Bolton, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Elizabeth Dahlstrom, Esq., FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Ricardo Lopez–Orozco appeals the sentence imposed following his guilty plea to being an alien found in the United States after deportation without permission in violation of 8 U.S.C. § 1326.

■ Lopez–Orozco contends that his constitutional rights were violated by the enhancement of his sentence above the two-year maximum set forth in 8 U.S.C. § 1326(a), based on a prior conviction that was not charged in the indictment, proved to a jury, or admitted by Lopez–Orozco. This contention is, as Lopez–Orozco concedes, foreclosed. *United States v. Von Brown,* 417 F.3d 1077, 1078–79 (9th Cir. 2005) (per curiam). *See also United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th

Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

■ In supplemental briefing, Lopez–Orozco contends that he was entitled to have a jury determine that the prior conviction that formed the basis for his 4–level enhancement under U.S.S.G. § 2L1.2(b)(1)(D) constituted a "felony" within the meaning of the Guidelines. This contention is likewise foreclosed. *See Von Brown, supra.,* at 1079–80 (the categorization of a prior conviction as a "violent felony" or a "crime of violence" is a legal question, not a factual question to be proved to a jury).

■ Although the sentence imposed did not amount to Sixth Amendment error, the district court did impose the sentence prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), under the then-mandatory Sentencing Guidelines. Because we cannot tell from the record whether the district court would have imposed a materially different sentence had it known the Guidelines were advisory, we remand the case to answer that question and to proceed according to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline'* s limited remand procedure to cases involving non-constitutional *Booker* error). If Lopez–Orozco does not want to pursue resentencing, he should promptly notify the district

court judge on remand. *See Ameline*, 409 F.3d at 1084.

**REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.