**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ricardo CRUZAGOSTO, Defendant—Appellant.**

No. 04–30165.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Jan. 27, 2006.

William C. Brown, Esq., DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Plaintiff–Appellee.

Robert M. Leen, Esq., Seattle, WA, for Defendant–Appellant.

Ricardo Cruzagosto, U.S. Penitentiary, Atwater, CA, pro se.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

**MEMORANDUM** *

Ricardo Cruzagosto appeals both his conviction for conspiracy to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and his mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). We affirm the conviction but vacate the sentence and remand for resentencing.

■ 1. On Cruzagosto's sole challenge to his conviction, we conclude that the district court properly denied his request that the jury be given a "multiple conspiracies" instruction. Because Cruzagosto was tried alone, there was no possibility of prejudicial spillover requiring such instruction. *United States v. Anguiano*, 873 F.2d 1314, 1317–18 (9th Cir.1989).

■ 2. The government's notice of convictions to be relied upon at sentencing satisfies 21 U.S.C. § 851. The second line item lists arrest information, but the notice also expressly states that the listed offenses are "convictions to be relied upon for sentencing." The information listed in the second line item is also accurate and constitutes "sufficient facts [to enable] a rational defendant [to] identify the prior conviction and make an informed decision about whether to challenge the substance of the information." *United States v. Severino*, 316 F.3d 939, 943 (9th Cir.2003) (en banc).

■ 3. The district court's finding that Cruzagosto has two prior felony drug convictions for purposes of sentencing under 21 U.S.C. § 841(b)(1) does not violate the Sixth Amendment. Determining the mere fact of a prior conviction remains within the province of the sentencing judge. *See United States v. Von Brown*, 417 F.3d 1077, 1078–79 (9th Cir.2005) (per curiam). Also, the certified records of conviction

of this circuit except as provided by Ninth Circuit Rule 36–3.

submitted to and considered by the district court prior to sentencing—the "Certificate of Conviction" and "Sentence and Commitment" for the 1998 conviction, and the "Certificate of Disposition" for the 1996 conviction—are sufficient to support the district court's findings.

 4. The district court did err, however, in sentencing Cruzagosto to a term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on the sentencing judge's finding of the drug quantity particularly attributable to Cruzagosto under a clear and convincing standard of proof. *See United States v. Banuelos,* 322 F.3d 700, 704–05 & n. 3 (9th Cir.2003) (holding that such an application of § 841(b)(1) violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); *United States v. Velasco–Heredia,* 319 F.3d 1080, 1085 (9th Cir.2003) (same). This conclusion turns on the fact that the sentence imposed exceeds the otherwise applicable statutory maximum, which is 30 years imprisonment based on an undetermined quantity of cocaine base and Cruzagosto's prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(C); *see, e.g., Banuelos,* 322 F.3d at 705. Under *Apprendi,* the imposition of a heightened sentence under § 841(b)(1) based on drug quantity requires either an admission or a jury finding upon proof beyond a reasonable doubt. *See United States v. Thomas,* 355 F.3d 1191, 1202 (9th Cir.2004); *Velasco–Heredia,* 319 F.3d at 1086.

We need not address the impact of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because this case involves a mandatory minimum exceeding an otherwise applicable statutory maximum, rather than a guidelines maximum, and is controlled by our pre-*Booker* precedents cited above. We also reject the government's argument that these precedents are contrary to *United States v. Harris,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (holding that *Apprendi* is inapplicable to mandatory minimums under 18 U.S.C. § 924(c)), and now *United States v. Dare,* 425 F.3d 634 (9th Cir.2005) (same, following *Harris* post-*Booker*). This court has already determined that applying *Apprendi* to drug quantity determinations under 21 U.S.C. § 841(b)(1) is consistent with *Harris. See Velasco–Heredia,* 319 F.3d at 1084–85.

Cruzagosto preserved his *Apprendi* objection in a memorandum filed with his requested jury instructions. Because Cruzagosto's life sentence violates *Apprendi,* we must vacate the sentence and remand for resentencing based on an undetermined drug quantity. *See Velasco–Heredia,* 319 F.3d at 1086–87.

**Conviction AFFIRMED, sentence VACATED and REMANDED for resentencing.**