**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pedro VENTURA–HERNANDEZ,**
**Defendant—Appellant.**

**No. 04–50602.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Steven E. Stone, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM ** and ORDER

Pedro Ventura–Hernandez appeals from the 115–month sentence imposed following

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

his jury conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Ventura–Hernandez's contention that the court erred in applying a 16–level enhancement is without merit. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see also United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). His argument that his sentence was unconstitutional under *Apprendi* and its progeny, because the fact of his prior conviction was not admitted or proved to a jury beyond a reasonable doubt, is foreclosed by *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

Ventura–Hernandez was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. "We have held that 'where the district court did not treat the sentencing guidelines as advisory but the defendant's sentence was not enhanced by extra-verdict findings,' a nonconstitutional sentencing error has occurred." *United States v. Brown,* 417 F.3d 1077, 1080 (9th Cir.2005) (per curiam), *citing United States v. Ameline,* 409 F.3d 1073, 1084 n. 8 (9th Cir.2005) (en banc). Ventura–Hernandez shall notify the court within 14 days of the filing date of this memorandum disposition if he wants to pursue an *Ameline* remand. *See id.* at 1084. If Ventura–Hernandez does not respond to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

this inquiry, the district court's sentence shall be affirmed.

**BRIEFING ORDERED.**