**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Guadalupe VALLEJO– BONAPARTE, Defendant– Appellant.**

**No. 05–50895.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Jessica M. Kass, United States Department of Justice, San Diego, CA, for Plaintiff–Appellee.

Ezekiel E. Cortez, Esq., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Jose Guadalupe Vallejo–Bonaparte appeals the sentence imposed following his guilty plea to attempted entry after deportation in violation of 8 U.S.C. § 1326. Vallejo–Bonaparte contends that in light of case law subsequent to *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), including *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the district court violates a defendant's Fifth Amendment due process rights and Sixth Amendment right to a jury trial by finding facts, not admitted by the defendant nor found by a jury, that the defendant was convicted of a "crime of violence" or "aggravated felony" and that he was subsequently deported because of that crime.

This contention lacks merit. *See United States v. Von Brown,* 417 F.3d 1077, 1079–1080 (9th Cir.2005) (explaining after *Shepard* that the categorization of a prior conviction as a "violent felony" or a "crime of violence" is a legal question, not a factual question coming within the purview of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.