**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andrew ACOSTA, Defendant–Appellant.**

**No. 05–10271.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 14, 2006.

Charles F. Hyder, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Philip A. Seplow, Esq., Law Offices of Philip A. Seplow, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

### MEMORANDUM ***

A jury convicted Defendant Andrew Acosta of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The district

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court sentenced him as a "career offender" under U.S.S.G. § 4B1.1. We affirm.

■ 1. The district court ruled that Defendant's prior conviction for extortion under 18 U.S.C. § 2113(a) was a qualifying crime of violence for purposes of U.S.S.G. § 4B1.1.[1] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990), holds that a conviction under § 2113(a) is a "crime of violence" for purposes of the career offender provisions of the Guidelines. The plea agreement entered into by Defendant in relation to that conviction demonstrates that *Selfa's* holding is applicable.

■ 2. In sentencing Defendant as a career criminal under section 4B1.1, the district court also found that Defendant was 18 years or older at the time he was convicted of the instant offense. Defense counsel admitted during sentencing that Defendant met the age requirement. *See United States v. Hernandez–Hernandez*, 387 F.3d 799, 806 (9th Cir.2004) ("[C]riminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority."), *vacated on other grounds by Ramos–Birrueta v. United States*, 543 U.S. 1183, 125 S.Ct. 1427, 161 L.Ed.2d 185 (2005)

■ 3. Defendant argues that, in his absence, the district court heard through counsel, and ruled on, an evidentiary motion related to the scope of his expert witness' testimony in violation of his due process right to be present during all critical stages of his prosecution.[2] Defendant failed to prove that he was, in fact, absent during the time span in question. Even assuming Defendant's absence, the motion hearing does not qualify as a "critical stage" to which a defendant's due process right to presence applies. *See* Fed. R. Crim. P. 43(b)(3) (identifying "Conference or Hearing on a Legal Question" as a stage of trial that does not require a defendant's presence). Even assuming error, Defendant shows no prejudice.

AFFIRMED.

---

1. Where, as here, a defendant fails to object at trial, we review a district court's application of the Sentencing Guidelines for plain error and its factual findings for clear error. *United States v. Brown*, 417 F.3d 1077, 1079 n. 3 (9th Cir.2005) (per curiam); *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006).

2. Because Defendant failed to raise this claim at trial, we review for plain error. *United States v. Romero*, 282 F.3d 683, 689 (9th Cir. 2002).