**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose ARELLANO–ARREDONDO,**
**Defendant—Appellant.**

No. 05–30490.

D.C. No. CR–05–081–JLQ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2006.*

Decided June 29, 2006.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Kimberly Deater, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant—Appellant.

Before FERGUSON, CALLAHAN, Circuit Judges, and BOLTON, District Judge.**

### MEMORANDUM ***

Appellant Jose Arellano–Arredondo appeals his sentence for illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326, with an enhancement under 8 U.S.C. § 1326(b)(2) in light of a previous conviction for an aggravated felony. We affirm.

### I.

Appellant argues that the district court erred in its finding that he was subject to a twenty-year maximum sentence based on his prior conviction for an aggravated felony. Appellant, however, failed to object at sentencing to the application of this sentencing enhancement. We therefore review this issue for plain error and find

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

none.  *See United States v. Brown,* 417 F.3d 1077, 1079 (9th Cir.2005); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

## II.

Appellant contends that the district court erred at the sentencing hearing by imposing an unreasonably long sentence and by failing to adequately consider on the record the sentencing factors set forth in 18 U.S.C. § 3553(a).  We disagree.  The district court imposed a reasonable sentence that reflected due consideration of the § 3553(a) factors.  *See United States v. Diaz–Argueta,* 447 F.3d 1167 (9th Cir. 2006).

The decision below is AFFIRMED.