**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joao P. SILVA, Defendant—Appellant.**

No. 05–10318.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed July 13, 2006.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Debra R. Douglas, Esq., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Rebecca Sullivan Silbert, Federal Public Defender's Office, Oakland, CA, for Defendant–Appellant.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Joao ("John") Silva pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. He appeals his sentence of forty-six months imposed under the advisory Sentencing Guidelines. Silva contends the District Court erred by: (1) enhancing his sentence based on a prior conviction that was neither pled nor proved to a jury beyond a reasonable doubt; (2) failing to consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a), as required by *Booker;* (3) placing substantial weight on the advisory Sentencing Guideline range in determining Silva's sentence; and (4) imposing a sentence on Silva that is unreasonable with regard to the § 3553(a) factors.

We reject all of Silva's claims and affirm the District Court.

### I.

A post-*Booker* sentence imposed under the advisory Sentencing Guidelines is reviewed for reasonableness. *See United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

### II.

Silva's first claim, that the District Court erred in enhancing his sentence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

based on a prior aggravated felony conviction that was neither pled nor proved to a jury beyond a reasonable doubt, is foreclosed by precedent. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Brown,* 417 F.3d 1077, 1078–79 (9th Cir.2005) (holding that the prior conviction exception is still valid post-*Booker;* therefore, a prior conviction used to enhance a sentence need not be pled or proved beyond a reasonable doubt).

### III.

Second, Silva claims the District Court failed to consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a), as required by *Booker,* 543 U.S. at 259–60, 125 S.Ct. 738.

Sufficient consideration of the § 3553(a) factors "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006).

█ Here, the District Court specifically stated that it had taken into account all of the § 3553(a) factors. The Court also read and considered Silva's extensive sentencing memorandum, which explained in detail how the § 3553(a) factors should affect his sentence. Finally, when presented with Silva's eloquent oral statement regarding his history and remorse, the Court chose to lower Silva's sentence based on § 3553(a)(1), Silva's background and characteristics.

Silva has not presented evidence demonstrating that the District Court failed to

consider any of the § 3553(a) factors. While the District Court found that a couple of Silva's arguments for reducing his sentence were "contrary to the law," one of Silva's claims, regarding use of his prior aggravated felony conviction, *was* contrary to the law. Silva has not shown that the Court failed to consider any information that is relevant to the § 3553(a) inquiry.

The record sufficiently demonstrates that the District Court appropriately considered the § 3553(a) factors.

### IV.

Third, Silva claims the District Court erred by placing substantial weight on the Guideline range in determining his sentence.

A district court should use the Guidelines as a starting point to calculate a sentence, but cannot presume the Sentencing Guidelines prescribe the appropriate sentence absent proof to the contrary. *See United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir.2006).

Here, the District Court used the Sentencing Guidelines merely as a starting point in calculating Silva's sentence. The Court found the Guideline range was reasonable in light of the other § 3553(a) factors and sentenced Silva accordingly. The District Court did not err by using this procedure to sentence Silva.

### V.

█ Finally, Silva claims that even if the District Court committed no procedural error in imposing his sentence, the sentence is nonetheless unreasonable in light of the § 3553(a) factors.[1] We conclude Silva's sentence is reasonable.

Silva specifically contends that his sentence should be lower because of "his im-

---

1. We have jurisdiction to review an appeal of a sentence imposed within a properly-calculated Guideline range. *United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006).

pending deportation and increased punishment resulting from that deportation, the age of the convictions that drastically increased his sentencing range, his steady employment, his contributions to his church, family, and community, and his family responsibilities and connections."

Silva's sentence reflects the seriousness of his prior convictions, including those for second degree sexual assault, and his most recent offense. Silva's support of his family and community is laudable. The District Court took into account Silva's reformed character and family and community ties, and reasonably lowered Silva's sentence based on those characteristics. Furthermore, the age of Silva's prior convictions is accounted for in the properly-calculated Guideline range. *See* U.S.S.G. § 4A1.2(e). Finally, while Silva faces deportation, so do most other defendants convicted of illegal reentry following deportation. Overall, we find Silva's sentence of forty-six months to be reasonable.

**AFFIRMED.**