**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Timothy Kana DAWSON, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Timothy Kana Dawson, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Timothy Kana Dawson, Defendant— Appellant.**

Nos. 05–30559, 05–30560, 05–30573.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Stephen F. Peifer, Esq., Office of the U.S. Attorney, Mark O. Hatfield, U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Courthouse, Portland, OR, for Plaintiff–Appellee.

Robert A. Weppner, Law Offices, Portland, OR, for Defendant–Appellant.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Timothy Kana Dawson appeals from the sentence imposed following his guilty pleas to bank robbery, in violation of 18 U.S.C. § 2113(a); possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and escape, in violation of 18 U.S.C. § 751(a).

Dawson contends that his Fifth and Sixth Amendment rights were violated when the district court sentenced him as a career offender under U.S.S.G. § 4B1.1 based on prior convictions that were neither alleged in the indictment nor admitted nor proved to a jury beyond a reasonable doubt. He further argues that the avoidance-of-constitutional-doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea.

These contentions are foreclosed. *See United States v. Brown,* 417 F.3d 1077, 1078–79 (9th Cir.2005) (holding that for a career-offender enhancement the fact of

defendant's prior convictions need not be proved to a jury beyond a reasonable doubt); *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting as foreclosed the contention that recent decisions of the Supreme Court limit *Almendarez–Torres's* holding to cases where a defendant has admitted his prior convictions during a guilty plea); *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005), cert. denied, — U.S. —, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006) (noting that we are bound by the Supreme Court's holding in *Almendarez–Torres* that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.