**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Troy Eugene KING, Sr., Defendant–
Appellant.**

No. 05–10804.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Dec. 8, 2006.

---

\* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Richard J. Bender, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Matthew M. Robinson, Esq., Robinson & Brandt, PSC, Cincinnati, OH, for Defendant–Appellant.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Troy Eugene King ("King") appeals his conviction and sentence on two counts of possession and distribution of cocaine base and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). We affirm.

The district court did not err by denying King's motion to suppress evidence. Although it had been several months from the date of the last controlled buy directly from King, the supporting affidavit presented substantial evidence that King was the leader of an established and ongoing drug operation. *United States v. Pitts,* 6 F.3d 1366, 1369–70 (9th Cir.1993); *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1566 (9th Cir. 1989). In addition, even if the affidavit did not support probable cause for the warrant, suppression was not appropriate because the officers could reasonably rely in good faith on the warrant. *United States v. Leon,* 468 U.S. 897, 921–22, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

This circuit has construed the term "cocaine base" in 21 U.S.C. § 841(b) to mean "cocaine that can be smoked," as opposed to cocaine hydrochloride, the powder version of cocaine. *United States v. Shaw,* 936 F.2d 412, 416 (9th Cir.1991). Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), King argues that his sentence violates the Sixth Amendment because the jury was not specifically required to find that counts one and two involved the smokeable form of cocaine. Even assuming King is correct, any error would be harmless. Because King had a prior felony drug conviction, his statutory maximum sentence was thirty years, and his sentence of 292 months did not exceed this maximum. In addition, the jury heard stipulated and undisputed testimony from a DEA chemist that the drugs involved in counts one and two were indeed the smokeable form of cocaine, as opposed to the powder cocaine involved in count three. Because King was properly subjected to the penalties for "cocaine base" as opposed to powder cocaine, the district court also did not err in its guideline calculation for career offenders under U.S.S.G. § 4B1.1.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was not overruled by *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005). The district court's classification of King's prior conviction as a felony drug offense is a legal determination and does not violate the Sixth Amendment. *Cf. United States v. Von Brown,* 417 F.3d 1077, 1079–80 (9th Cir.2005). Finally, applying the remedial portion of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to King's sentencing did not violate the ex post facto principles of the Due Process Clause. *United States v. Dupas,* 419 F.3d 916, 920–21 (9th Cir.2005).

AFFIRMED.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.