**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Leonel Ernesto VILLASEÑOR, Defendant–Appellant.**

No. 06–10159.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Dec. 11, 2006.

Judson Thomas Mihok, Esq., USTU— Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Francisco Leon, Esq., for Defendant–Appellant.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Leonel Villaseñor appeals the district court's denial of resentencing after a remand and makes several claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court's sentence was reasonable. The court adequately considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and thus, we will not disturb its discretion.[1]

Villaseñor contends that his sentencing enhancements and classification as a career offender violate the due process clause and the Sixth Amendment. *Apprendi v. New Jersey*[2] specifically excepted prior convictions from those facts that a jury must find beyond a reasonable doubt in order to enhance a sentence.[3] Because career offender status rests on prior convictions, the prior conviction exception extends to career offender determinations by the district court.[4]

Villaseñor further argues that the mandatory minimum sentence under 21 U.S.C. §§ 841 and 851 violates his Sixth Amendment rights. *United States v. Dare*[5] precludes this claim.[6]

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Knows His Gun*, 438 F.3d 913, 918–19 (9th Cir.2006) (holding that where the district court explicitly considers some of the § 3553(a) factors, this Court will affirm the sentencing court).

2. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

3. *Id.* at 490, 120 S.Ct. 2348.

4. *United States v. Brown*, 417 F.3d 1077, 1079–80 (9th Cir.2005).

5. 425 F.3d 634 (9th Cir.2005).

6. *Id.* at 635–36 (citing *Harris v. United States*, 536 U.S. 545, 568–69, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)) ("mandatory minimum sentence imposed through judicial factfinding utilizing a preponderance of the evidence standard does not violate the Sixth Amendment").