**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oscar QUINTANA–QUINTANA,
Defendant–Appellant.**

No. 093–50254.

United States Court of Appeals,
Ninth Circuit.

Filed Sept. 13, 2004.

USSD--Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Norma A. Aguilar, Lori Schoenberg, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before D.W. NELSON, GIBSON,* and GRABER, Circuit Judges.

ORDER

Defendant–Appellant Oscar Quintana–Quintana ("Quintana") was convicted of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The district court sentenced Quintana to seventy months in custody and three years of supervised release, relying in part on a 16–level sentence enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2 for Quintana's prior conviction for assault with a deadly weapon under California Penal Code § 245(a)(1). Quintana appealed his sentence, and we affirmed in an unpublished memorandum disposition. In a petition for rehearing and suggestion for rehearing en banc, Quintana now argues that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), compels us to vacate his sentence because the fact of his prior conviction was not proved to a jury beyond a reasonable doubt.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Quintana's argument is foreclosed by the express terms of *Blakely* itself. In *Blakely*, the Supreme Court explicitly preserved its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury:

> This case requires us to apply the rule we expressed in *Apprendi*[, 530 U.S. at 490, 120 S.Ct. 2348]: *"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."*

*Blakely*, 124 S.Ct. at 2536 (emphasis added). We have repeatedly acknowledged that *Apprendi* carves out an exception for the fact of a prior conviction. *See, e.g., United States v. Fresnares–Torres*, 235 F.3d 481, 482 (9th Cir.2000) ("[A] prior conviction is the only factor that increases a penalty beyond the statutory maximum that need not be submitted to a jury. *Apprendi* therefore preserved the specific holding of *Almendarez–Torres*[, 523 U.S. at 226, 118 S.Ct. 1219,] that 8 U.S.C. § 1326(b)(2)—the subsection increasing the penalty for previous deportation following conviction of an aggravated felony—was a mere penalty provision for recidivist behavior and did not define a separate offense.") (citation omitted); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2000) ("*Apprendi* held that all prior convictions ... were exempt from *Apprendi*'s general rule and, under *Almendarez–Torres*, may continue to be treated as sentencing factors."),

*cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). *Blakely* does nothing to upset this well-settled rule. *See United States v. Sanders*, 377 F.3d 845, 847 n. 3 (8th Cir.2004) ("While the Court [in *Blakely*] declared unconstitutional any increase in penalty beyond the prescribed statutory maximum based on facts not submitted to a jury and proved beyond a reasonable doubt, the Court expressly exempted 'the fact of prior conviction.' "); *United States v. Marseille*, 377 F.3d 1249, 1256 n. 14 (11th Cir.2004) ("We have reviewed *Blakely* and conclude that it is inapposite.... [T]hough the district court found that Marseille had prior convictions, *Blakely* does not take such fact-finding out of the hands of the courts."); *United States v. Cooper*, 375 F.3d 1041, 1052 n. 3 (10th Cir.2004) (describing *Blakely* as "reaffirming" *Apprendi*'s exception for the fact of a prior conviction).

The members of the panel that decided this case voted unanimously to deny the petition for rehearing. Judge Graber has voted to deny the petition for rehearing en banc. Judges Nelson and Gibson recommended denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing and petitions for rehearing en banc may be filed.