**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eleazar SANDOVAL–RIVAS,
Defendant–Appellant.**

**No. 03–30276.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Pamela J. Byerly, AUSA, Spokane, WA, for Plaintiff–Appellee.

Bradley Shannonn, Esq., Pullman, WA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Eleazar Sandoval–Rivas appeals his jury conviction and sentence for being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326.

Sandoval–Rivas contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the judgment should be reversed because the "fact" that the defendant's deportation was subsequent to a conviction of an aggravated felony, which subjected him to an enhanced maximum term of imprisonment of twenty years under 8 U.S.C. § 1326(b)(2),

as amended, was not charged in the indictment and proven to the jury beyond a reasonable doubt.

This contention is foreclosed by *United States v. Castillo–Rivera*, 244 F.3d 1020, 1024–25 (9th Cir.2001) (explaining that *Apprendi* carved out a recidivism exception under which neither the prior conviction nor the fact that the removal was subsequent to the prior conviction must be proved to a jury), and *United States v. Quintana–Quintana*, 383 F.3d 1052 (9th Cir.2004) (order denying petition for rehearing and rehearing en banc) (observing that the Supreme Court in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), preserved its prior holding in *Apprendi* and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

