**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro TABARES–RIVERA,**
**Defendant–Appellant.**

No. 04–30173.

United States Court of Appeals,
Ninth Circuit.

**764**

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Elizabeth Dahlstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Pedro Tabares–Rivera appeals the sentence imposed following his guilty plea to being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326(a). Tabares–Rivera asserts that the elements of 8 U.S.C. § 1326(b)(2) must be pled in the indictment and proved to a jury beyond a reasonable doubt. We disagree and affirm.

The indictment here did not specifically charge that Tabares–Rivera committed an offense under § 1326(b)(2); it charged him under § 1326. As the Supreme Court has clearly held, that was proper because § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute not the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Tabares–Rivera argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), changes that. It does not. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Nor does *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004). Finally, as we said in *Pacheco–Zepeda,* 234 F.3d at 414, we cannot "ignore controlling Supreme Court authority. Unless and until *Almendarez–*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Torres* is overruled by the Supreme Court, we must follow it."

AFFIRMED.