**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert CRUZ–AYON, aka Alberto Aguinaga–Ceja, Defendant— Appellant.**

**No. 04–10328.**
**D.C. No. CR–03–00033–ECR.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

R. Don Gifford, II, USRE—Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, FPDNV—Federal Public Defender's Office (Reno), Reno, NV, for Defendant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Roberto Cruz–Ayon appeals the sentence imposed following his guilty plea to unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326(a).

The district court imposed a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) and 8 U.S.C. § 1326(b)(2)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

based on Cruz–Ayon's deportation having been subsequent to a drug trafficking conviction that exceeded thirteen months.

Cruz–Ayon contends that after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), *Blakely v. Washington,* ── U.S. ──, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004), this enhancement, which resulted in a sentence in excess of the two-year statutory maximum set forth in § 1326(a), violates the Sixth Amendment because necessary facts—the specific type of the offense and the temporal relationship of the offense to the deportation—were neither admitted by Cruz–Ayon nor proved to a jury beyond a reasonable doubt.

This contention lacks merit. We have continued to hold, after *Apprendi, Ring, Blakely,* and *Ameline,* that § 2L1.2(b) enhancements do not implicate the Sixth Amendment limitation on judicial factfinding. *See United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004) (order) (observing that *Apprendi* and *Blakely* preserved the rule that a § 2L1.2 enhancement based on a prior conviction need not be presented to a jury). *See also United States v. Castillo–Rivera,* 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of *Apprendi*'s recidivism exception). The judgment is therefore

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.