**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Paul E. HINES, Defendant—Appellant.**

No. 04–30236.
D.C. No. CR–03–02023–FVS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 21, 2005.

Robert A. Ellis, USYA - Office of the U.S. Attorney, Yakima, WA, for Plaintiff-Appellee.

Anne Walstrom, FDWAID - Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant-Appellant.

Before ALARCON, KOZINSKI, and KLEINFELD, Circuit Judges.

MEMORANDUM**

■ We need not decide whether the district court erred in treating Hines's six

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

burglary convictions as a sufficient predicate for application of the Armed Career Criminal Act[1] because Hines invited any error.

When he pleaded to the original indictment, Hines stipulated to an upward departure because, as his counsel indicated, the government could have otherwise charged him under the Armed Career Criminal Act and subjected him to the greater penalty he ultimately received. After he pleaded guilty to the superseding indictment, Hines submitted a sentencing memorandum advising the court that "the sentence imposed cannot be less than the mandatory, statutory minimum of 180 months (the maximum is life) for Count One." The sentencing memorandum then states "Mr. Hines requests the court impose the sentence of 180 months." That is the sentence he got. Hines was fully aware of the effect of the Washington burglary convictions, and there is nothing in the record to indicate lack of awareness of anything material, such as the possibility that the convictions would not have satisfied the requirements for the Armed Career Criminal enhancement had the government submitted all of the papers cognizable under the categorical approach. Thus any error was invited error under the standard we set out in *United States v. Perez.*[2]

 The district court did not err by determining that Hines's prior second degree burglary convictions constituted violent offenses because of the prior conviction exception to the *Apprendi*[3] rule.[4]

---

1. 18 U.S.C. § 924(e)

2. *See United States v. Perez,* 116 F.3d 840 (9th Cir.1997) (en banc).

3. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

 No *Ameline*[5] remand has been requested, and no reason is evident why it would be or could make any difference, because the longer of Hines's concurrent sentences, the fifteen year sentence, is a statutory mandatory minimum.

**AFFIRMED.**

---

4. *See United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004).

5. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).