**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Israel VALENCIA–ESPINDOLA, Defendant—Appellant.**

**No. 04–30293.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 19, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Gregory M. Shogren, Esq., U.S. Attorney's Office, Yakima, WA, for Plaintiff–Appellee.

Anne Walstrom, Esq., K. Elizabeth Dahlstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, ALARCON and LEAVY, Circuit Judges.

## MEMORANDUM *

Israel Valencia–Espindola appeals the 57–month sentence imposed after pleading guilty to unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742.

Valencia–Espindola first contends that when the district court increased his sentence beyond the two-year maximum in 8 U.S.C. § 1326(a) and under the Federal Sentencing Guidelines on the basis of a prior felony conviction, the district court should have required proof beyond a reasonable doubt of the nature and fact of the prior conviction. This contention lacks merit because the fact of the prior conviction may be found by a judge alone. *See United States v. Von Brown,* 417 F.3d 1077, 1079–80 (9th Cir.2005); *United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004). We have considered and reject Valencia–Espindola's argument that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) has been overruled by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or subsequent Supreme Court precedent. *See Quintana–Quintana,* 383 F.3d at 1053 ("We have repeatedly acknowledged that *Apprendi* carves out an exception for the fact of a prior conviction.").

Valencia–Espindola next contends that the district court miscalculated his criminal history score by improperly determining that his two prior misdemeanor

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

convictions for driving without a valid operator's license added two criminal history points pursuant to U.S.S.G. § 4A1.2(c). The district court did not err in including these prior convictions in calculating the criminal history score because the definition of "prior sentence" in the Guidelines include suspended sentences. U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3); *United States v. Williams*, 291 F.3d 1180, 1194–95 (9th Cir. 2002) (explaining that suspended sentences count for criminal history purposes pursuant to § 4A1.2(a)(3)). Our decision in *Williams* is binding.

We have held that "where the district court did not treat the sentencing guidelines as advisory but the defendants's sentence was not enhanced by extra-verdict findings," a nonconstitutional sentencing error has occurred. *See United States v. Ameline*, 409 F.3d 1073, 1084 n. 8 (9th Cir.2005). We therefore remand to the district court so that the parties may notify it whether it should resentence Valencia–Espindola pursuant to the procedures set forth in *Ameline*. *Id.* at 1084–85.

**AFFIRMED IN PART; REMANDED IN PART.**