**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto HERRERA–VARGAS,**
**Defendant—Appellant.**

**No. 04–50248.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Nov. 28, 2005.

Jason M. Ohta, AUSA, Stephen M. Tokarz, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Paul W. Blake, Esq., Law Offices of Lee Plummer, Bonita, CA, for Defendant–Appellant.

---

Before: KLEINFELD, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM **

Defendant Gilberto Herrera–Vargas ("Herrera") was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He pleaded guilty to the single-count indictment and received a 77–month sentence, including enhancements for prior convictions and criminal history. He appeals his sentence on the grounds that: (1) the 16–level enhancement under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("U.S.S.G.") violated his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) the district court imposed the enhancement without making factual findings about Herrera's status of probation, parole, or supervised release, also in violation of *Blakely*.

■ Herrera's first argument fails because the application of a § 2L1.2 enhancement does not violate *Apprendi* and *Blakely*; those cases carve out an express exception for the fact of a prior conviction. *See United States v. Quintana–Quintana*, 383 F.3d 1052, 1052–53 (9th Cir.2004) (citing *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, and noting that *Blakely* expressly preserves the holding of *Apprendi* ).

Herrera next argues that the district court improperly relied only on the Pre–Sentence Investigation Report when imposing criminal history points pursuant to U.S.S.G. § 4A1.1(d), and argues that the factual question of whether he was on probation, parole, or supervised release

should have been submitted to a jury. While Herrera argues that the district court's § 4A1.1(d) fact-finding constituted a violation of *Blakely*, we conclude that his argument is more akin to a *Shepard*-type argument, *Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), which was decided after Herrera filed his brief with this Court. Herrera has conceded, however, that *Shepard* is inapplicable to the facts of this case. We therefore need not reach the merits of this argument. *See United States v. Andaverde*, 64 F.3d 1305, 1312 n. 6 (9th Cir.1995).

■ Finally, the sentence in this case was imposed before the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), under the assumption that the Sentencing Guidelines were mandatory. Because, on this record, we cannot tell "whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory," *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (en banc), we remand the sentence to the district court for its reconsideration and possible re-sentencing in accordance with the procedures set forth in *Ameline, see id.* at 1084–85.

**SENTENCE REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.