**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Efren LUNA, Defendant—Appellant.**

No. 04–50475.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Bruce C. Smith, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Frederick M. Carroll, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Efren Luna appeals from his conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326, and resulting 52–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction and remand the sentence.

Luna contends that the admission of a "certificate of nonexistence" violated the Confrontation Clause, in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). However, this issue has been foreclosed by *United States v. Cervantes–Flores*, 421 F.3d 825, 830–34 (9th Cir.2005).

Luna also contends that his sentence violates the Sixth Amendment because the trial court increased his sentence by eight levels based on a prior aggravated felony. This contention is foreclosed. *See United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004); *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir.2002) (stating, "criminal history need not be proved to a jury beyond a reasonable doubt"); *United States v. Castillo–Rivera*, 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception).

---

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, we remand for the district court to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.