**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felipe BLANCO–LOYA, Defendant— Appellant.**

**No. 04–10668.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2006.

Decided April 10, 2006.

Before: NOONAN and HAWKINS, Circuit Judges, and REED,* District Judge.

## MEMORANDUM **

Felipe Blanco–Loya ("Blanco–Loya") appeals his conviction for illegal reentry following deportation. We affirm the conviction and grant a limited sentencing remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

■ The district court did not err in denying Blanco–Loya's motion to suppress the evidence from his arrest. The police officers had reasonable suspicion to stop the car in which Blanco–Loya was a passenger because they saw a "vehicle code violation." Further, there was no evidence that the officers lacked a good-faith belief in the violation when stopping the vehicle. Therefore, the initial stop was proper and all subsequent evidence was properly admitted.

■ Nor did the district court err in denying Blanco–Loya's request for a jury instruction on necessity. To be eligible for a necessity defense, a defendant must establish that a reasonable jury could conclude, among other things, "that there were no other legal alternatives to violating the law." *United States v. Arellano–Rivera,* 244 F.3d 1119, 1126 (9th Cir.2001). Because Blanco–Loya had a viable legal alternative—petitioning the Attorney General for temporary admission on the basis of his medical condition—he was not enti-

Amber S. Rosen, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Mark D. Eibert, Esq., Half Moon Bay, CA, for Defendant–Appellant.

Felipe Blanco–Loya, San Jose, CA, pro se.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tled to a necessity defense. *See id.* at 1125–26.

■ Finally, there was no error in enhancing Blanco–Loya's sentence based on prior convictions not proved to the jury beyond a reasonable doubt. *United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004) ("[A] sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury.").

■ Because the district court imposed the sentence under a mandatory guidelines system, we grant a limited remand of the sentence under *Ameline*, 409 F.3d at 1074.

AFFIRMED and REMANDED.