UNITED STATES of America,
Plaintiff–Appellee,

v.

Porfirio BURGARA–MONTANA,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Porfirio Burgara–Montana,
Defendant–Appellant.

Nos. 04–50575, 04–50577.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2006.*

Filed June 26, 2006.

* This panel unanimously finds these cases suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Porfirio Burgara–Montana appeals the district court's revocation of his supervised release and imposition of sentence after he was caught entering the United States illegally subsequent to deportation. Burgara–Montana also appeals his jury trial conviction and sentence imposed for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

First, Burgara–Montana argues that the supervised release revocation statute, 18 U.S.C. § 3583(e), violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it authorizes a judge to impose a revocation sentence based upon facts a judge finds by a preponderance of the evidence. This argument is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220, 1221 (9th Cir.2006), in which we held that the supervised release revocation statute is constitutional and does not violate *Booker.*

Second, Burgara–Montana argues that the district court violated the Confrontation Clause in admitting a Certificate of Non–Existence of Record ("CNR") at trial. The Ninth Circuit recently held that a "CNR is nontestimonial evidence under *Crawford [v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ] and

Carol C. Lam, Daniel J. Lenerz, Christopher M. Alexander, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle A. Villasenor–Grant, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

thus ... properly admitted by the district court." *United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005) (per curiam), *cert. denied,* — U.S. —, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006).

 Third, Burgara–Montana argues that the district court erred in failing to give a two-level downward adjustment for acceptance of responsibility. During sentencing, the district court stated that it "was mindful that a defendant has a right to proceed to trial" and that the court was to consider "all the facts and circumstances in the case" in exercising its discretion for acceptance of responsibility adjustments. Looking at the entire record of the case, including what happened immediately after Burgara–Montana's arrest, the district court found that Burgara–Montana's "acceptance of responsibility in the eleventh hour" was not sufficient for an acceptance of responsibility adjustment. This was a proper exercise of the district court's discretion. *See United States v. Martinez–Martinez,* 369 F.3d 1076, 1088–90 (9th Cir.), *cert. denied,* 543 U.S. 1013, 125 S.Ct. 637, 160 L.Ed.2d 480 (2004).

 Fourth, Burgara–Montana argues that the district court violated *Booker* in applying a four-level upward adjustment for being a deported alien with a prior felony conviction. *Booker* did not disturb the well-settled rule that sentence enhancements based on judge-made findings regarding prior convictions do not violate the Sixth Amendment. 543 U.S. at 244, 125 S.Ct. 738; *see also United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004) (order) (noting that *Blakely* did not upset the "well-settled" *Apprendi* rule "that a sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury").

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.

 Because the Sentencing Guidelines are no longer mandatory, we cannot determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. *See United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

Accordingly, we **GRANT** a limited remand to the district court to reconsider Burgara–Montana's sentence in light of *Ameline. See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.) ("We conclude that defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional."), *cert. denied,* — U.S. —, 126 S.Ct. 636, 163 L.Ed.2d 515 (2005).

The judgment and revocation sentencing is **AFFIRMED** in all other respects.