**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Salvador ALVARADO, aka Salvador**
**Arias–Alvarado, aka Jerry Arias,**
**Defendant—Appellant.**

Nos. 05–50063, 05–50071.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2006.*

Submission Deferred Feb. 17, 2006.

Submission Withdrawn March 8, 2006.

Resubmitted July 25, 2006.

Filed July 25, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Erik M. Silber, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Deirdre Elliot, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, B. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Salvador Alvarado appeals his sentence based on his guilty plea to violations of 8 U.S.C. § 1326 as well as the conditions of his supervised release. He argues that his sentence is unconstitutional because *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law or, alternatively, should be limited to its facts and procedural posture.

He also contends that a provision of his supervised release allowing search and seizure without a warrant or cause is unconstitutional. We deferred our decision and then withdrew submission of this case to await the Supreme Court's decision in *Samson v. California*, —— U.S. ——, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We now affirm the district court's sentence and the contested provision of his supervised release. We do not recite the facts here as they are known to the parties.

I.

■ Appellant first argues that recent Supreme Court cases have undermined the *Almendarez–Torres* exception to *Apprendi v. New Jersey*, 530 U.S. 466, 488, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and therefore that the sixteen-level increase in his sentencing level for his prior conviction for second-degree murder is invalid. Whether *Almendarez–Torres* remains good law is a purely legal question which we review de novo. *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002). We disagree with Appellant: *Almendarez–Torres* remains good law, even if it has been questioned. *See United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348 ("Even though it is arguable that *Almendarez–Torres* was incorrectly decided, and that a logical application of our reasoning today should apply

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule....").

Appellant argues that we should overturn *Almendarez–Torres* as it is inconsistent with the Supreme Court's current approach to sentencing. The Supreme Court must overturn its own case law, *Agostini v. Felton,* 521 U.S. 203, 237–38, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), and we must adhere to *Almendarez–Torres* until the Supreme Court explicitly overturns it. *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) ("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez–Torres,* we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court.") We have held several times that *Almendarez–Torres* remains good law, *e.g., United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000), and we adhere to that rule.

We also reject Appellant's contention that we should read *Almendarez–Torres* narrowly to cover only those who admitted to the aggravating facts during their plea colloquy. *United States v. Arellano–Rivera,* 244 F.3d 1119, 1122 (9th Cir.2001), rejects the argument that we may limit application of the *Almendarez–Torres* exception to cases in which the defendant admitted his prior aggravated felony convictions. *Accord Pacheco–Zepeda,* 234 F.3d at 415 ("Although *Apprendi* does refer to the fact that the defendant in *Almendarez–Torres* did not challenge the accuracy of his prior convictions, nowhere does *Apprendi* limit *Almendarez–Torres....* To the contrary, *Apprendi* held that *all* prior convictions—not just those admitted on the record—were exempt from *Apprendi's* general rule and, under *Almendarez–Torres,* may continue to be treated as sentencing factors."). In addition, although Appellant did not admit his prior conviction during the plea colloquy, his communications with the court following his plea demonstrate his admission to the prior conviction. Both in his sentencing briefs and at the sentencing hearing, Appellant referenced his "involvement" in the murder. In his supplemental sentencing position, Appellant even more clearly admits not just "involvement," but also his "conviction."

## II.

Alvarado also challenges the imposition of a condition allowing search or seizure without a warrant or cause imposed as part of his supervised release.[1] He also argues that the district court erred in failing to explain its imposition of that condition. In *United States v. Dupas,* 419 F.3d 916, 922 (9th Cir.2005), we upheld the imposition of the very same search condition in a supervised release case imposed by the very same district judge. We also reaffirmed an established rule that an explicit statement of reasons for imposing such a condition is not required. *Id.* (citing *United States v. Guagliardo,* 278 F.3d 868 (9th Cir.2002) (per curiam) (imposing the same condition in a supervised release case)).

We deferred decision in this case until the Supreme Court had an opportunity to examine a similar condition in the

---

**1.** Appellant failed to challenge the imposition of this condition at sentencing. We therefore review for plain error only. *United States v.*

*Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

context of parolees. *Samson* upheld the constitutionality of a suspicionless and warrantless search of a parolee where assent to such searches was a condition in the parole agreement signed by the parolee. 126 S.Ct. at 2196. Nothing in *Samson* suggests a different result should pertain in supervised release cases. *Samson*, *Dupas* and *Guagliardo* all support our holding that the district court did not plainly err in imposing such a condition on Alvarado's supervised release or in failing to state explicitly the reasons for imposing that condition.

AFFIRMED.