**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pedro BRISENO–MARIN, aka: Juan Lopez–Lopez, Sergio Marin–Hernandez, Defendant—Appellant.**

**No. 06–30172.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Tracy Staab, Federal Public Defender's Office, Spokane, WA, for Defendant—Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Pedro Briseno–Marin appeals the sentence imposed following his guilty plea to being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326.

Briseno–Marin contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b) to more than the two-year maximum set forth in 8 U.S.C. § 1326(a), when he did not admit and a jury did not find any prior convictions. He further argues that the avoidance-of-constitutional-doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea. Finally, although conceding that the issue is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000), and *United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004), to preserve the issue, Briseno–Marin also argues that in light of *Apprendi v. New*

*Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions, *Almendarez–Torres* has been overruled and § 1326(b) is unconstitutional.

These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting as foreclosed the contention that recent decisions of the Supreme Court limit *Almendarez–Torres*'s holding to cases where a defendant has admitted his prior convictions during a guilty plea); *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir. 2005) (affirming the continuing validity of *Almendarez–Torres* and rejecting a constitutional challenge to § 1326(b)); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006) (noting that we are bound by the Supreme Court's holding in *Almendarez–Torres* that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.