UNITED STATES of America, Plaintiff—Appellee,

v.

Hugo TOBON–VERGARA, Defendant—Appellant.

No. 06–30184.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Pamela Jackson Byerly, Esq., USSP—Office of The U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Tracy Staab, FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Hugo Tobon–Vergara appeals the sentence imposed following his guilty plea to being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Tobon–Vergara contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b) to more than the two-year maximum set forth in 8 U.S.C. § 1326(a), when he did not admit and a jury did not find any prior convictions. He further argues that the avoidance-of-constitutional-doubt doctrine requires that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea. Finally, although conceding that the issue is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000), and *United States v. Quintana–Quintana*, 383 F.3d 1052 (9th Cir.2004), to preserve the issue, Tobon–Vergara also argues that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions, *Almendarez–Torres* has been overruled and § 1326(b) is unconstitutional.

These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006) (rejecting as foreclosed the contention that recent decisions of the Supreme Court limit *Almendarez–Torres's* holding to cases where a defendant has admitted his prior convictions during a guilty plea); *United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir. 2005) (affirming the continuing validity of *Almendarez–Torres* and rejecting a constitutional challenge to § 1326(b)); *United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005), *cert denied*, —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006) (noting that we are bound by the Supreme Court's holding in *Almendarez–Torres* that a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

**AFFIRMED.**