UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos FLORES–CANO, Defendant—Appellant.

No. 04–10505.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Dec. 13, 2006.

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Monique N. Kirtley, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Carlos Flores–Cano appeals from his conviction and 52–month sentence following his guilty-plea conviction for illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

pursuant to 28 U.S.C. § 1291, and we affirm the conviction and vacate and remand the sentence.

Flores–Cano contends that the district court erred in denying his motion to dismiss the indictment on the grounds that his prior removal was invalid. Specifically, Flores–Cano argues that because the immigration judge ("IJ") failed to tell him that he was eligible for relief from removal by requesting voluntary departure under 8 U.S.C. § 1229c, his removal proceeding was defective and cannot form the basis for a conviction under 8 U.S.C. § 1326. We disagree.

Even assuming Flores–Cano's prior removal proceeding was defective, because the record demonstrates that his Nevada state drug conviction is a drug trafficking crime, *see* 8 U.S.C. § 1101(a)(43)(B); *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), he fails to demonstrate how any due process violation at the removal proceeding prejudiced him. *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1050 (9th Cir.2004).

Because under the modified categorical approach Flores–Cano's Nevada state conviction is a drug trafficking crime, his contention that the district court erred by enhancing his sentence must fail. *See Taylor,* 495 U.S. at 602, 110 S.Ct. 2143; U.S.S.G. § 2L1.2(b)(1)(A)(i).

Next, as Flores–Cano concedes, it was not error for the district court to enhance his sentence under 8 U.S.C. § 1326(b) based on a prior conviction that was not alleged in the indictment, proven beyond a reasonable doubt or admitted by Flores–Cano. *See United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004) (order).

However, because Flores–Cano preserved his challenge to the district court's use of mandatory Sentencing Guidelines (a "nonconstitutional *Booker* error"), *see United States v. Beng–Salazar,* 452 F.3d 1088, 1092 (9th Cir.2006), and because we cannot say that the error was harmless beyond a reasonable doubt, we vacate the judgment and remand for full resentencing. *See id.* at 1095–97.

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.**