**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jorge PULIDO–MORALES,
Defendant—Appellant.**

**No. 05–10673.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2007 *.

Filed Jan. 19, 2007.

Bruce M. Ferg, Esq., Nicole P. Savel Fax, USTU—Office of the U.S. Attorney Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

John H. Messing, Esq., Messing Law Offices, PLC, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN and W. FLETCHER, Circuit Judges, and HOLLAND **, Chief District Judge.

### MEMORANDUM ***

Jorge Pulido–Morales appeals his conviction and sentence for violation of 8 U.S.C. § 1326(b)(2), reentry after deporta-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

644

tion. He asserts four grounds for appeal, none of which is meritorious. We affirm.

First, appellant contends that he was denied effective assistance of counsel. His complaints about his lawyer are not reviewable on this direct appeal because the record is not sufficiently developed to reveal any constitutional defect in his representation. See *United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir.2005).

His second assignment of error challenges the admissibility of testimony that allegedly identified appellant by referencing a computer database. Because no objection was made at trial, we will reverse only for plain error. No such error is found in the record, as no witness actually testified that appellant's identity was established through a computer query.

His third claim is that his prior conviction was not proven by sufficient evidence. He is wrong. At the sentencing hearing he made no objection to the presentence report, which attributed to him an Oregon conviction for robbery. An uncontroverted presentence report constitutes clear and convincing evidence of a prior conviction. See *United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000).

Appellant also asserts that the fact of his prior conviction must be proven to a jury beyond a reasonable doubt. That argument is foreclosed by *United States v. Quintana–Quintana*, 383 F.3d 1052, 1053 (9th Cir.2004) ("[A] sentencing enhancement based on a defendant's prior conviction does not have to be presented to a jury.") (citing *Blakely v. Washington*, 542 U.S. 296, 301, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)).

AFFIRMED