See also 523 F.3d 1071.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Guillermo AGUILA–MONTES DE**
**OCA, Defendant–Appellant.**

No. 05–50170.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 9, 2006.

Submitted Feb. 29, 2008.

Filed April 28, 2008.

Steven E. Stone, U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Chase Scolnick, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Guillermo Aguila–Montes De Oca ("Aguila–Montes") appeals his conviction for violating 8 U.S.C. § 1326 (attempted entry into the United States following deportation), and his 120–month sentence. He argues that his conviction should be reversed because the district court erroneously admitted several items of evidence at trial. He challenges his sentence on the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ground that the district court violated his constitutional rights by increasing the possible statutory maximum from two to 20 years. We reject these arguments and affirm his conviction and the district court's increase of the statutory maximum of his sentence.[1]

Generally, the district court's admission of evidence is reviewed for abuse of discretion.[2] *United States v. Lynch,* 367 F.3d 1148, 1159 (9th Cir.2004). If evidence is improperly admitted, reversal is appropriate only if the error was not harmless. *United States v. Derington,* 229 F.3d 1243, 1247 (9th Cir.2000). "If, on the record as a whole, consideration by the jury of the evidence for that purpose would not have likely changed its decision, then the error was harmless." *Id.*

 Aguila–Montes challenges the admission into evidence of a referral slip written by Customs and Border Protection Officer Restituto Aban at the primary inspection area of the San Ysidro Point of Entry. Officer Aban testified to having written "CLAIM USC" on the slip to indicate to the secondary inspection officer that Aguila–Montes claimed to be a United States citizen. Officer Aban's summary of Aguila–Montes's alleged statement is hearsay that does not fall within the admissibility exception for public records. *See United States v. Orellana–Blanco,* 294 F.3d 1143, 1150–51 (9th Cir.2002) (concluding that an INS officer's interview notes capturing the gist of defendant's statements rather than the exact words did not qualify for the public records hearsay exception). Also, because there was no contention that Officer Aban recently fabricated what Aguila–Montes said, the referral slip was not admissible as a prior consistent statement. *See Arizona v. Johnson,* 351 F.3d 988, 998–1000 (9th Cir.2003) (citing Fed. R.Evid. 801(d)(1)(B)). The district court, therefore, abused its discretion by admitting the slip, but considering the entire record, including Officer Aban's direct testimony that Aguila–Montes had claimed to be a United States citizen, the error was harmless.

Aguila–Montes contends that Federal Rules of Evidence 403 and 404(b) were violated by the district court's admission of evidence that he had been deported four times. The government properly introduced evidence of two of these deportations during its case-in-chief. This was consistent with the government's burden to prove, beyond a reasonable doubt, that Aguila–Montes had been previously deported. *See* 8 U.S.C. § 1326(a)(1); *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1196–97 (9th Cir.2000).

 The government introduced evidence of the other two deportations while cross-examining Aguila–Montes after he had admitted to being previously deported. Even if we assume that the district court abused its discretion by admitting evidence of these other two deportations, that error was harmless considering the record as a whole. The jury properly knew that Aguila–Montes had been deported on two occasions; it is unlikely that evidence of the two additional deportations would have affected the jury's verdict.

---

1. Aguila–Montes also challenges his sentence on other grounds which we consider in an opinion filed with this disposition.

2. If, however, a party fails to preserve the admissibility issue for appeal by failing to specifically object, we review for plain error. *See United States v. Gomez–Norena,* 908 F.2d 497, 500 (9th Cir.1990). The parties dispute whether Aguila–Montes made the necessary objections to preserve his evidentiary issues. Because reversal is unmerited even under the "abuse of discretion" standard, we assume that Aguila–Montes made all appropriate objections.

■ Aguila–Montes contends the district court abused its discretion by admitting into evidence the fact that he had been previously convicted of two felonies. The government first mentioned the two felonies while cross-examining Aguila–Montes, who had testified on direct examination that he had been convicted of one of them. Even if the district court abused its discretion by admitting the second felony conviction, the error was harmless in light of the entire record. The jury was unaware of any details of either conviction, and it is unlikely that the fact Aguila–Montes had been convicted of two felonies rather than one had any effect on the jury's verdict.

■ Aguila–Montes argues that the admission of an unedited, videotaped interview with Customs and Border Officer Gregory Harrison violated Federal Rule of Evidence 403. Specifically, Aguila–Montes contends that the tape's probative value was substantially outweighed by its prejudicial content, which revealed that he had a tattoo, had violated parole, and "was tired of being locked up." We disagree.

Aguila–Montes's defense at trial was that he approached the point of entry at the border intending to seek legal status to enter the United States, rather than to enter illegally. On direct examination, despite having had prior access to the videotape, he testified that he had communicated this intention to Officer Harrison during the videotaped interview. To prove that Aguila–Montes had not made such statements during the interview, the government introduced the entire videotaped interview. In this context, admission of the entire videotape was highly probative. The videotape included some prejudicial material, but the danger of unfair prejudice did not substantially outweigh the videotape's probative value. The district court properly admitted this evidence.

Recent precedent forecloses Aguila–Montes's claim that the government's use of a Certificate of Non–Existence of Record pursuant to Federal Rule Evidence 803(10) violated his rights under the Confrontation Clause. *See United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005).

■ Challenging his sentence, Aguila–Montes argues that the district court unconstitutionally relied on facts not found by the jury when it increased the statutory maximum from two to 20 years because he had been previously removed after a conviction for an aggravated felony. The district court relied on two facts to increase the statutory maximum. First, it properly relied on the fact that Aguila–Montes's 1988 conviction was for an aggravated felony. *See United States v. Quintana–Quintana,* 383 F.3d 1052, 1052–53 (9th Cir.2004) (per curiam), *cert. denied,* 543 U.S. 1130, 125 S.Ct. 1100, 160 L.Ed.2d 1085 (2005); *United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005); *Cervantes–Flores,* 421 F.3d at 835. Second, it relied on the fact that Aguila–Montes was deported sometime after that 1988 conviction. At his trial in the present case, which was in 2004, the jury found beyond a reasonable doubt that Aguila–Montes had been previously deported based on evidence of deportations that occurred after 1988. Thus, the district court did not engage in independent fact finding.

**AFFIRMED.**